## In re BACH.
### Patent Appeal No. 2707.

Court of Customs and Patent Appeals.
April 27, 1931.

Watts T. Estabrook, of Washington, D. C., and Hazard & Miller, of Los Angeles, Cal., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting the claims of appellant's application, four in number, for failure to define invention over the prior art.

Upon the oral argument, claims 6 and 10 were withdrawn, leaving claims 11 and 12 before us for consideration. Claim 11 is illustrative and reads as follows:

"11. The method of making a confection which comprises employing an edible container formed of two complementary parts, each of which has outwardly inclined walls, placing a slab of edible material having vertical sides between the parts, which is of sufficient thickness to keep the parts temporarily separated, and pressing the parts toward each other until they engage, squeezing the edible material and causing it to enter the space between the outwardly inclined walls of said parts."

The references are: Gategast, 1,036,092, August 20, 1912; Cressey, 1,382,601, June 21, 1921; Broun et al., 1,446,782, February 27, 1923; Bellocchio, 1,552,671, September 8, 1925; Papageorge, 1,524,367, January 27, 1925.

The alleged invention relates to an ice cream tartlet. It is sufficiently described in the claims above quoted.

The reference Gategast discloses a method of making patty shells. Two shells are used together to make an inclosure for edible filling.

The patent to Cressey relates to a confection having a filling inclosed in a container, having two half sections made of edible material, as dough, baked crisp, and united at their adjoining edges by a seal.

The reference Broun relates to a packaged food product comprising a pie or like article, a container portion surrounding the sides of the pie, another container portion contacting with the top edges of the pie, and means for holding the container portions together and in reactive relation to the pie. The container parts are not edible.

The patent to Papageorge relates to a confection comprising an edible container formed of separable sections adapted to be filled with an edible substance, such as ice cream, and associated with each other so that the viscosity of the substances serves to secure the portions in container formation.

The questions here involved are questions upon which the tribunals of the Patent Office concurred. The rule is that in such cases we will not reverse a decision of the Patent Office unless it is manifestly wrong. Pengilly v. Copeland, 40 F.(2d) 995, 17 C. C. P. A. 1143; Beidler v. Caps, 36 F.(2d) 122, 17 C. C. P. A. 703.

After carefully examining the references and considering the argument of counsel, we cannot, under the rule above cited, hold that the Board of Appeals erred in its decision, and it is affirmed.

Affirmed.